THIS was an ex parte proceeding on the petition of Charles H. B. Day, trustee of Martha J. Allee, in which he stated that one John W. Downs, with James F. Allee, entered into a recognizance in the Orphans' Court of Kent County, on the 3d day of April, 1868, for the real debt of three hundred and sixty-four *Page 511 
dollars and thirty-four cents, two-thirds thereof being payable to the parties entitled to it with interest thereon at the expiration of one year from the date of it, which was the day and year aforesaid, and the interest on the other one-third thereof to be paid annually to Elizabeth A. Hall, widow of William Hall, deceased, during her life, and the principal of it to be paid to the parties entitled to it at her death. Subsequent to the date of the recognizance, that is to say, on the 29th day of March, 1871, the legislature passed the act, Rec Code
681, 682, which provides for the payment into the Superior Court for the county of money arising from sheriff sales of real estates subject to the lien of any such recognizance in order that the same may be reinvested by the court for the like security and benefit of the same parties. Also subsequent to the date of the said recognizance two judgments were obtained by confession in this court against the said John W. Downs, one of them by William Virden for the real debt of nine hundred dollars, and the other by the First National Bank of Dover for the real debt of eighteen hundred dollars, besides interest and costs on each of them. The first-named was confessed on the 24th day of September, 1870, and the second on the 27th day of the same month and year. On the first, an execution was issued returnable to April term, 1871, and which was returned at that term, levied on the lands of the said John W. Downs, in Kent County, whose residence was in the State of Maryland and who had no personal property in this State. A writ ofvenditioni exponas was thereupon issued returnable at the October term, 1871, and delivered to Samuel Hargadine, then sheriff of the county, who thereupon sold the lands of the said John W. Downs so levied on for one thousand two hundred and fifty-five dollars, a sum much exceeding the amount of the said recognizance.
At the time of the said sale the two-thirds part of the said recognizance, payable at the expiration of one year from the date of it, had been paid and satisfaction had been entered on the docket, but the other third part thereof, upon which the interest was payable to the said widow during her life, had not been paid and was the first lien on the lands of the said John W. *Page 512 
Downs. The said sheriff applied the money arising from the said sale to the said judgments of Virden v. Downs andThe First National Bank of Dover v. Downs, both of which had become liens after the said recognizance had become a general lien on all the lands of the said Downs in the county. Afterward in the year 1876 the lands of the said James F. Allee, the surety in the said recognizance, were sold on execution process by Peter L. Cooper, then sheriff of the county, and finding the aforesaid one-third of the said recognizance against the said Downs, with said Allee as surety in it, was satisfied, as appeared by the record, he applied out of the proceeds of the said sale of Allee's lands the sum of one hundred and twenty-one dollars and forty-five cents principal debt, besides interest then due and unpaid upon it, to the said recognizance, and at the October term, 1876, of this court, petitioned under the said act of the Legislature of the 29th day of March, 1871, to pay the said sum of one hundred and twenty-one dollars and forty-five cents into court, which was granted, and thereupon the same was paid into court by him, and on the same day the said sum was loaned by the court under the said act to Samuel C. Leatherbery, on a petition presented by him to the court for the loan of it, who has since died, however, and at the present term James L. Smith, administrator c. t. a. of the said Samuel C. Letherbery, deceased, has filed his petition to pay the said money into this court, the prayer of which has been granted, and the same has been paid into court by him.
The said money being thus again brought into this court, the petitioner, Charles H. B. Day, trustee of Mrs. Martha J. Allee, who had become the holder of a judgment at the suit of the Farmers' Bank of the State of Delaware against the said James F. Allee, by assignment, all the judgments of a prior date against him having been paid, that of the Farmers' Bank against him just before mentioned, being now held by the petitioner, Charles H. B. Day, as the trustee of the said Martha J. Allee, the petition prayed that as such trustee he might be allowed to take said money out of court, inasmuch as it had been clearly misapplied by the said Peter L. Cooper, then sheriff of the county, to the said recognizance, because the same had theretofore *Page 513 
been satisfied, and the lands of the said surety, James F. Allee, had been discharged from the lien thereof by the sale of the lands of the said John W. Downs, the principal in it, in the year 1871, by the said Samuel Hargadine, then sheriff of the county, notwithstanding nothing in fact had been paid on the said one-third part of it on which the interest was payable to the said Eliza A. Hall, widow of William Hall, deceased, during her life, and the principal to the parties entitled to it at her death, the whole of the money arising from the sale of the lands of the said Downs having been improperly and illegally applied by the said Samuel Hargadine, then sheriff, to junior liens.
Day, for himself as trustee, in support of his petition and his right as trustee to have the said money now paid to him by the court on the grounds set forth in it, cited The State for the useof Vickary v. Vickary, 1 Har. 193; Exparte Dixon's Executor, 1 Del. Chan. Rep. 261;Farmer's Bank v. Wallace, 3 Harr. 371.
The Court ordered the same to be paid to him as such trustee